IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01206-PAB-MEH

KATERI TRAVERSIE-AKERS, a Colorado resident,

    Plaintiff,

v.

SALES OPERATING CONTROL SERVICES, INC., d/b/a Courtesy Auto Group, a North Carolina corporation,
COURTESY MOTOR CO., d/b/a Courtesy Auto Group,
COURTESY ACURA/ISUZU,
SATURN NORTH,
SATURN OF AURORA,
SATURN OF LONGMONT,
TSD, INC., a Colorado corporation,
DIXON II, INC., a Colorado corporation,
R.K.B., INC., a Colorado corporation,
KKP, INC., a Colorado corporation,
JOHN DOE, an individual,
CYD, INC., a Colorado corporation,
RDIXON, INC., a Colorado corporation,
MHELD, INC., a Colorado corporation,
WHMJR, INC., a Colorado corporation,
TERRY STERLING DIXON II, a Colorado resident,
WILLIAM MEIERS, a Colorado resident, and
DEAN FOWLER, a Colorado resident,

    Defendants.

---

## MEMORANDUM & ORDER ON PLAINTIFF'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Plaintiff has filed a Motion to Compel [docket #60]. The matter is briefed, and oral argument would not materially assist the Court. For the following reasons, the Plaintiff's motion is **denied**.

    In this employment discrimination (sexual harassment) case, Defendant Courtesy Motor Co. has raised a good faith defense pursuant to the Supreme Court's opinions in *Faragher v. City of*

*Boca Raton*, 524 U.S. 775 (1998) and *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

> [The Supreme Court in] *Ellerth* and *Faragher* established an affirmative defense for employers who would otherwise be subject to respondeat superior liability for harassment by a supervisor. When the employee is not subject to a "tangible employment action," the employer may establish the defense by proving two elements: "(a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise." *Ellerth,* 524 U.S. at 765; *Faragher,* 524 U.S. at 807.

*Chapman v. Carmike Cinemas*, slip op., 2009 WL 57504, *4 (10th Cir. Jan. 12, 2009). The parties agree that an employer, when raising this defense, waives the attorney-client privilege with regard to investigatory documents arising from the incident(s) that gave rise to the lawsuit. *E.g.,* Defendants' Response at 4 ("While courts have allowed production of attorney-client and work product privileged materials, as well as investigative files, in Title VII actions based on a Defendant's reliance on a good-faith defense, the production involves documents germane to the pending action and documents developed during the investigation of that particular plaintiff's claim.").

In the present case, Plaintiff seeks privileged documents arising from a prior incident in 1998 involving a Defendant (Terry Sterling Dixon II), which occurred at Courtesy Motor Co.,[1] but which did not involve either this Plaintiff nor her alleged harasser in this case. Plaintiff cites cases purporting to support her position that such documents are discoverable. In opposition, Defendants argue that such cases involved investigatory materials from the particular plaintiff's situation, and not from a prior incident not involving the plaintiff in the case; thus, Defendants argue that the privilege is not waived here. In her Reply, Plaintiff does not refute Defendants' characterization of the holdings in the cases, but she alleges that, because the *Ellerth/Faragher* defense was raised by

---

[1] The incident involved an allegation of assault against Defendant Dixon, for which he was arrested, but all charges were subsequently dismissed.

Courtesy Motor Co. at the time of the 1998 incident, the attorney-client privileged was waived in 1998 and remains waived today. In addition, Plaintiff alleges that Mr. Dixon waived the privilege because of testimony given during his deposition.

On the primary issue of whether the assertion of the good faith defense in this case waives the attorney-client privilege regarding documents created in connection with the 1998 incident, the Court finds it does not. The principle at issue here is that "it is inconsistent for [an employer] to invoke the *Faragher-Ellerth* defense but to retain the documents necessary to evaluate the sufficiency of its response as required by that defense." *McGrath v. Nassau County Healthcare Corp.*, 204 F.R.D. 240, 245 (E.D.N.Y. 2001). The defense is being invoked as to the Plaintiff, but the documents sought by the Plaintiff relate to a different person and a remote time. The judicially created waiver does not apply to these facts.[2]

Concerning the issue of the prior waiver by the Defendants, such an allegation would require this Court to engage in an analysis *ab initio* into the application of the waiver to the facts of a different case, since Plaintiff has provided the Court with no judicial finding that the Defendants waived the privilege in the 1998 matter. The Court does not believe this is proper. Further, as a stranger to the events surrounding the 1998 incident, the Court questions the standing that Plaintiff has to assert a waiver.

Finally, Plaintiff alleges that Defendant Dixon waived the privilege himself when he testified that, back in 1998, his lawyer told him that the arrest was for third-degree assault. Plaintiff has not established the elements necessary to conclude that this was a privileged communication. "In order

---

[2] Both the affirmative defense of good faith and, of course, the presumption of a waiver of the attorney-client privilege for investigatory documents, are judicially created. The federal courts uniformly hold that a judicially created doctrine is to be narrowly construed. *E.g., Storm v. Storm*, 328 F.3d 941, 944 (7th Cir. 2003) ("judicially created exception to the statutory grant of diversity jurisdiction, should be construed narrowly").

to be covered by the attorney-client privilege, the communication between a lawyer and client must relate to legal advice or strategy sought by the client." *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998). The privilege does not protect underlying facts contained within attorney-client communications. *Upjohn Co. v. United States*, 449 U.S. 383, 395-96 (1981). Here, the Court has an insufficient record to determine whether Mr. Dixon's disclosure involved an attorney-client communication covered by the privilege (as opposed to an unprotected statement of fact); therefore, the Court cannot determine that a waiver has occurred.

The Court believes one final matter should be addressed. Defendants have not refused to provide *all* documents concerning th 1998 incident, but only those that Defendants assert are covered by the attorney-client privilege. Defendants have, in fact, produced a substantial number of documents concerning the incident. "[T]he scope of any waiver [of the privilege] is defined by the context of the waiver and the prejudice to the other party that limiting the waiver would cause." *McGrath*, 204 F.R.D. at 243. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1372 (Fed. Cir. 2007) (prejudice to the parties of permitting or prohibiting disclosures of privileged material is relevant). Here, the Plaintiff is not materially prejudiced by assertion of the privilege, because the Plaintiff can use other forms of discovery to investigate the 1998 incident. Although Plaintiff has commented on Defendant Dixon's incomplete responses to deposition questions, the Court does not believe that Plaintiff is formally raising the issue of whether any responses to discovery by a Defendant or particular witness are inadequate, and the Court does not address that issue here.

Accordingly, for the reasons stated above, Plaintiff's Motion to Compel Production of Documents [filed December 11, 2008; docket #60] is **denied**.

Dated at Denver, Colorado this 26th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge